IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE COOK, # M-42466, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00070-JPG |
| ) | |
| SUSAN KERR, RANDY GROUNDS, ) | |
| DEE DEE BROOKHART, ) | |
| and RODERICK MATTICKS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Dwayne Cook, who is currently incarcerated at Robinson Correctional Center ("Robinson"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). The pleading is now before the Court for preliminary review. As explained in greater detail below, the complaint violates the pleading requirements that are set forth in the Federal Rules of Civil Procedure. For that reason, the complaint shall be dismissed without prejudice and with leave to amend.

### The Complaint

Plaintiff commenced this action by filing a complaint using this District's standard civil rights complaint form (Doc. 1). He failed to include a "Statement of Claim" (Doc. 1, p. 5). Plaintiff also failed to file any other document with the complaint, in which he sets forth his claims or the factual allegations that support them. Instead, Plaintiff directs the Court to "[s]ee [a]ttached [g]rievances" (Doc. 1, p. 5).

Along with the standard complaint form, Plaintiff filed an assortment of documents that total fifty pages (Docs. 1-1, 1-2). These documents consist primarily of medical records (Doc. 1-

1, pp. 2-26; Doc. 1-2, pp. 1-9). They also include inmate grievances and appeals (Doc. 1-2, pp. 10-13; Doc. 1-2, pp. 23-24), responses (Doc. 1-1, p. 1; Doc. 1-2, pp. 15-16), letters to attorneys (Doc. 1-2, p. 14), and witness affidavits (Doc. 1-2, pp. 17-22). Though voluminous, the documents shed little light on Plaintiff's actual claims against each defendant.

Perhaps it is the final two pages of the submission that best summarize Plaintiff's claims (Doc. 1-2, pp. 23-24). In what appears to be a letter, Plaintiff explains that he was involved in a wheelchair accident on July 18, 2014 (Doc. 1-2, p. 23). On that date, he fell from his wheelchair and injured his head. Medical staff at Robinson diagnosed him with a minor concussion. However, four months later, he was still suffering from symptoms that included "headaches, dizziness, and nausea." Plaintiff described these symptoms to "medical staff" on multiple occasions, but "they refuse[d] to further investigate [his] symptoms from this incident" (Doc. 1-2, p. 23). The letter is not addressed to anyone in particular, and it is not dated. Whether the letter describes Plaintiff's claims against Defendants or not would be a guess. In his request for relief, Plaintiff seeks monetary damages for "the gross negligence of the Robinson Correctional Center" (Doc. 1, p. 6).

## Legal Standard

Rule 8 of the Federal Rules of Civil Procedure dictates that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. CIV. P. 8(a). Additionally, Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original). At the same

time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

The complaint indicates that Plaintiff is bringing this action pursuant to 42 U.S.C. § 1983. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). Beyond designating this matter as a civil rights action, however, Plaintiff mentions no constitutional claims. In fact, the "Statement of Claim" mentions no claims at all and includes no factual allegations. It simply refers to exhibits (Doc. 1, p. 5). The voluminous exhibits do little to clarify the nature of Plaintiff's lawsuit, generally, or define the contours of his claims against each defendant, specifically.

Given the medical records and grievances that Plaintiff filed with his complaint, it appears that Plaintiff's claims arise from untreated medical issues. Plaintiff seeks monetary damages for what he characterizes as "gross negligence" (Doc. 1, p. 6). However, a defendant can never be held liable under Section 1983 for negligence, or even gross negligence. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

This is not to say that medical claims are not cognizable under Section 1983. They are. However, prisoners generally bring such claims under the Eighth Amendment, which prohibits cruel and unusual punishment. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S.

825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). In other words, negligence does not satisfy the Eighth Amendment standard. More is required. *Farmer*, 511 U.S. at 835. The prison official must act with the equivalent state of mind of criminal recklessness. *Farmer*, 511 U.S. at 836-37.

In order to establish individual liability, the complaint must at least suggest that each defendant was personally involved in the violation of Plaintiff's constitutional rights. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As a result, the doctrine of *respondeat superior* does not apply to actions filed under Section 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

With this in mind, Plaintiff shall be given an opportunity to file an amended complaint, and his original complaint shall be dismissed without prejudice. *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under FED. R. CIV. P. 8(a) is permitted. . . ."); *Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). Instructions for filing a "First Amended Complaint" are set forth below.

### First Amended Complaint

If Plaintiff wishes to further pursue his Eighth Amendment claim against Defendants, Plaintiff is **INSTRUCTED** to file an amended complaint with this Court within 35 days of the

date of this order (**on or before April 3, 2015**). Failure to follow the Court's instructions for doing so will result in dismissal of this action with prejudice. FED. R. CIV. P. 41(b). The Clerk of Court is **INSTRUCTED** to send Plaintiff the appropriate form to submit a Section 1983 claim.

When filing his amended pleading, Plaintiff should label the pleading, "First Amended Complaint." He should also use *this* case number. He should refer to the constitutional or statutory ground(s) for relief and include sufficient facts to demonstrate that each defendant violated his rights—constitutional or otherwise.

As the events giving rise to this action likely occurred in July 2014 (and more recently), Plaintiff does not appear to face any impending statute of limitation. He is, however, required to exhaust his administrative remedies through the prison grievance procedure prior to filing a Section 1983 action in federal court. *See* 42 U.S.C. § 1997e(a). Doing so may provide him with much faster relief than an action in federal court. If he fails to properly exhaust his administrative remedies, the action is ultimately subject to dismissal on this basis alone.

## Pending Motions

Plaintiff has filed a motion to appoint counsel (Doc. 3), which shall be held in **ABEYANCE** pending the receipt of Plaintiff's "First Amended Complaint."

Plaintiff has also filed a motion for service of process at government expense (Doc. 4), which is hereby **DENIED**. The motion is unnecessary. Service of the complaint will be ordered, as a matter of course, on those defendants against whom Plaintiff is allowed to proceed once threshold review of the amended pleading is completed.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure and for failure to state any claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" within thirty-five days **(on or before April 3, 2015)**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 41(b). *See also Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the dismissal shall count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for such use in this District. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the "First Amended Complaint" must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the amended pleading. The "First Amended Complaint" is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 26, 2015**

*s/J. Phil Gilbert*
**U.S. District Judge**
