## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DWAYNE COOK, # M-42466, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 15-cv-00070-JPG** |
| | ) | |
| SUSAN KERR, RANDY GROUNDS, | ) | |
| DEE DEE BROOKHART, | ) | |
| RODERICK MATTICKS, | ) | |
| and LOUIS SHICKER, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of Plaintiff Dwayne Cook's second amended complaint (Doc. 14), which he filed pursuant to 42 U.S.C. § 1983.  In it, Plaintiff claims that he sustained multiple injuries, including a concussion, when he fell from his broken wheelchair at Robinson Correctional Center on July 19, 2014 (Doc. 14, pp. 3-5).  In connection with this incident, Plaintiff brings Eighth and Fourteenth Amendment claims against Defendants Roderick Matticks (regional medical director), Louis Shicker (agency medical director), Randy Grounds (warden), Dee Dee Brooks (programs warden), and Susan Kerr (health care unit administrator).  The second amended complaint is timely[1] and is now subject to preliminary review under 28 U.S.C. § 1915A.

---

[1] The Court dismissed the initial complaint (Doc. 1) for noncompliance with Federal Rule of Civil Procedure 8 on February 26, 2015 (Doc. 7).  However, the dismissal was without prejudice, and Plaintiff was granted leave to file an amended complaint that cured the defects in the initial pleading on or before April 3, 2015.  Plaintiff filed his first amended complaint (Doc. 10) prior to this deadline, but the pleading contained no request for relief.  Plaintiff was ordered to file a second amended complaint that includes this request on or before July 7, 2015.  He filed the second amended complaint on July 1, 2015 (Doc. 14).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under Section 1915A, the Court is required to dismiss any portion of the second amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  The second amended complaint survives preliminary review under this standard.

**Second Amended Complaint**

While housed at Robinson Correctional Center ("Robinson"), Plaintiff was issued a used wheelchair, which he claims was "medically necessary" (Doc. 14, p. 3). By July 19, 2014,[2] several parts on the wheelchair were either worn out or broken. Plaintiff notified Susan Kerr, the prison's health care unit ("HCU") administrator, about the issue. Instead of replacing the wheelchair, Administrator Kerr allowed an "unqualified, untrained and unsupervised" inmate to repair the wheelchair (Doc. 14, p. 4). The inmate used whatever materials he could find to repair the device, including a shoestring and a bread tie.

But the inmate was no MacGyver. The repairs did not last. Not even a day. At lunch the following day, Plaintiff leaned back in his wheelchair, and it collapsed. He fell onto his head and back and sustained "very traumatic injuries," including a concussion and pain in his right shoulder, neck, hip, and lower back (Doc. 14, pp. 4-5). Plaintiff was seen by the prison's medical staff but continued to experience symptoms of dizziness, slurred speech, headaches, etc. (Doc. 14, p. 5).

He filed grievances seeking additional medical attention on July 31st and August 18th. He received two preliminary responses in early October, stating that his grievances had been forwarded to "inmate issues." Plaintiff received no further communications pertaining to either grievance. He submitted a third grievance on October 16th, but received no response to this grievance either (Doc. 14, pp. 5-6).

Plaintiff also wrote a letter to Louis Shicker, the agency medical director, on October 19th (Doc. 14, p. 5). He requested an MRI and CT because of persistent, untreated symptoms. Director Shicker responded in a letter, which states that Plaintiff was seen by nurses and two different doctors who found no "clinical indications warranting specialized imaging"

---

[2] All of the events giving rise to this action occurred in 2014.

(Doc. 14-4, p. 4).  Rather than deny Plaintiff's request for an MRI and CT outright, however, Director Shicker indicated that an "adjustment to the treatment plan c[ould] be made if [the tests] are clinically indicated" (*Id.*).  The Court found no record indicating that a review of the treatment plan was actually ordered.

Plaintiff alleges that Administrator Kerr's decision to have another inmate repair his wheelchair was aimed at saving Wexford Healthcare Sources and the State of Illinois money, rather than providing him with adequate medical care.  In connection with the incident, Plaintiff claims that the defendants allegedly violated his right to be free from cruel and unusual punishment under the Eighth Amendment and his right to due process of law under the Fourteenth Amendment (Doc. 14, p. 6).  He seeks declaratory judgment and monetary damages. He also seeks injunctive relief, in the form of a preliminary and permanent injunction requiring the defendants to refer Plaintiff to an outside specialist for an MRI and CT, provide all inmates with proper healthcare, and use the services of certified maintenance staff to repair prison wheelchairs (Doc. 14, pp. 6-7).  Finally, he seeks immediate release from prison.[3]

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to reorganize the claims in Plaintiff's *pro se* second amended complaint into four (4) counts, as set forth below:

**Count 1:** Administrator Kerr exhibited deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, when she ordered an untrained and unsupervised inmate to repair his broken wheelchair using bread ties and a shoestring;

---

[3] This form of relief is not available under Section 1983.  "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. . . ."  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).

**Count 2:**   Director Shicker violated Plaintiff's Eighth Amendment right to receive adequate medical care when he failed to order a review of Plaintiff's treatment plan or additional testing, in response to Plaintiff's complaints about ongoing symptoms of dizziness, slurred speech, headaches, etc.;

**Count 3**:   Defendants violated Plaintiff's right to due process of law by ignoring or delaying responses to his grievances; and

**Count 4:**   Defendants violated Plaintiff's rights under the Rehabilitation Act and/or Americans with Disabilities Act when they deprived him of a working wheelchair.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts should not be construed as an opinion regarding their merit.

**Counts 1 & 2 – Deliberate Indifference to Medical Needs**

Counts **1** and **2** shall receive further review. The Eighth Amendment requires the state to provide those it incarcerates with basic medical care. *Wetzel v. Sheahan*, 210 F.3d 377 (7th Cir. 2000) (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *Collignon v. Milwaukee Cnty.,* 163 F.3d 982, 988 (7th Cir. 1998)). Prison officials violate the Eighth Amendment when they respond to an inmate's serious medical needs with deliberate indifference. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F .3d 1364, 1371 (7th Cir. 1997). Deliberate indifference is shown when a prison official is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and the official actually draws the inference. *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005).

The second amended complaint alleges that Administrator Kerr failed to provide Plaintiff with a properly functioning and medically necessary wheelchair, after Plaintiff informed her that his wheelchair was broken.  In an effort to save money, she ordered an inmate to repair the device without training him, supervising him, or supplying him with the materials necessary to make the repairs.  It is not unreasonable to infer that Administrator Kerr responded to Plaintiff's serious medical need with deliberate indifference when doing so.  At this early stage, the Court will allow Plaintiff to proceed with his Eighth Amendment claim (**Count 1**) against Administrator Kerr.

Less clear is Plaintiff's claim against Director Shicker, the agency medical director who denied his request for an MRI and CT scan.  Plaintiff wrote a letter to Director Shicker and asked for the diagnostic tests because of persistent symptoms of dizziness, slurred speech, headaches, etc. (Doc. 14, p. 5).  Director Shicker denied the request based on Plaintiff's history of treatment. *See Greeno*, 414 F.3d at 655 (prison official who reviewed complaints and verified with staff that inmate was receiving treatment was not deliberately indifferent).    And while Director Shicker agreed that an "adjustment to the treatment plan c[ould] be made if [the tests] [we]re clinically indicated," he took no steps to order a review of Plaintiff's treatment plan in light of the letter he received from Plaintiff suggesting that the treatment plan, to date, was ineffective (Doc. 14-4, p. 4).  Instead, Director Shicker appears to have turned a blind eye to the situation.   The doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).  However, a supervisor may be liable under Section 1983 when he or she turns a blind eye to an inmate's letters requesting medical care.  *See Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996).     Under the circumstances, the Court cannot dismiss Plaintiff's

Eighth Amendment claim against Director Shicker at this time, and this claim (**Count 2**) shall also receive further review.

**Count 3 – Denial of Due Process**

The second amended complaint states no viable Fourteenth Amendment due process claim (**Count 3**) against any of the defendants.  Plaintiff merely alludes to this claim in his pleading.  But because the pleading is devoid of any allegations that develop the claim in any factual sense, the Court is unable to define its basic contours.  Under *Twombly*, Plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007).  Plaintiff has not done so.

To the extent that Plaintiff's claim arises from the delay or disregard of his grievances by the defendants, no claim arises under the Fourteenth Amendment.  Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Accordingly, **Count 3** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 4 – ADA and RA**

The second amended complaint does not mention a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, or the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794-94e (**Count 4**).  But the fact that Plaintiff, a *pro se* litigant, omitted reference to the claims is not fatal at this early stage.  Courts "are supposed to analyze a litigant's claims

and not just legal theories that he propounds," particularly when the litigant is proceeding *pro se*. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (citations omitted).  The Court will consider both claims.

To establish a violation of Title II of the ADA, a plaintiff "must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' his disability."  *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (citing *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (citing 42 U.S.C. § 12132)).  An RA claim is "functionally identical" to an ADA claim.  *Id.*  It requires a plaintiff to allege that "(1) he is a qualified person (2) with a disability and (3) the [state agency] denied him access to a program or activity because of his disability." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012).  To proceed with an RA claim, the relevant state agency (i.e., Illinois Department of Corrections ("IDOC")) must also accept federal funds, which all states do.  *Id.* at 671 ("[T]he analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons.") (citations omitted).

Based on the fact that he was bound to a wheelchair, Plaintiff is arguably a qualified person with a disability under both the ADA and RA.  *See* 42 U.S.C. § 12102(1); 29 U.S.C. § 794.  The question is whether the IDOC denied him access to any program or service. The second amended complaint does not suggest that it did.

Plaintiff does not allege, for example, that his wheelchair was a "service" under the statutes, and the prison's failure to provide him with a working wheelchair amounted to a denial of the service.  He also does not allege that he was unable to use the broken device to access the

dining hall, prison yard, shower, law library, etc.  He does not mention being unable to access parts of the prison available to non-disabled prisoners.  He does not allege that he was denied a second wheelchair, after the first one collapsed.  The allegations, though very concerning, do not amount to a denial of services within the meaning of either statute.  Accordingly, **Count 4** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Claims Against Grounds, Brookhart, & Matticks

The pleading states no cognizable claims against Defendants Grounds, Brookhart, and Matticks.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Therefore, the complaint must at least suggest that each defendant was personally involved in the violation of Plaintiff's constitutional rights.

The second amended complaint does not even mention these defendants in the statement of claim.  They are listed only in the case caption and list of defendants.  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.

Given the lack of allegations against Defendants Grounds, Brookhart, and Matticks, the Court finds no basis for allowing any claims against them to proceed.  Accordingly, with only one exception noted in the next section, Defendants Grounds, Brookhart, and Matticks shall be dismissed from this action without prejudice.

## Request for Injunctive Relief

Plaintiff seeks a preliminary and permanent injunction, in the form of an Order for proper medical care with an outside specialist (including an MRI and/or CT) and for repair of prison wheelchairs by qualified maintenance staff.  He did not file a separate motion seeking a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Given Plaintiff's request for this relief in the second amended complaint, the Clerk shall be directed to add a motion for preliminary injunction to the docket sheet.  The motion shall be referred to a magistrate judge for further consideration, and Warden Randy Grounds shall remain in this action, in his official capacity only, based on this request for relief.

## Pending Motions

Plaintiff has filed two motions to appoint counsel (Docs. 3, 15), which shall both be referred to a United States Magistrate Judge for further consideration.

## Disposition

The **CLERK** is **DIRECTED** to **ADD** a motion for preliminary injunction to the docket sheet in CM/ECF.

**IT IS HEREBY ORDERED** that **COUNTS 3** and **4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **GROUNDS (in his individual capacity), BROOKHART,** and **MATTICKS** are **DISMISSED** without prejudice.

As to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **KERR, SHICKER,** and **GROUNDS (in his official capacity)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the second amended complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the second amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, which shall include a determination on the pending motions to appoint counsel (Docs. 3, 15) and consideration of the motion for preliminary injunction.  Any motion filed after the date of this Order that pertains to the request for injunctive relief or seeks leave to amend the complaint is also **REFERRED** to a **United States Magistrate Judge**.

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 24, 2015**

<u>*s/ J. Phil Gilbert*</u>
**U.S. District Judge**