UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWAYNE COOK,

  Plaintiff,

 v.

SUSAN KERR, RANDY GROUNDS, DEE DEE
BROOKHART, RODERICK MATTICKS, DR.
WILLIAMS and LOUIS SHICKER,

  Defendants.

Case No. 15-cv-70-JPG-SCW

**MEMORANDUM AND ORDER**

  This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 45) entered by Magistrate Judge Stephen C. Williams after he held an evidentiary hearing on the motion and reviewed plaintiff Dwayne Cook's medical records. In the Report, Magistrate Judge Williams recommends that the Court deny Cook's motion for a preliminary injunction (Docs. 14 & 17). Cook has objected to the Report (Doc. 47).

  The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

  This case arose after Cook, who was housed at Robinson Correctional Center ("Robinson") at the time, fell when a wheelchair he was using collapsed, causing him to fall on his head and back, which in turn he claims caused him headaches, dizziness, vision problems, shoulder problems and back pain. The wheelchair had been malfunctioning, and when Cook reported the

problem to defendant Susan Kerr, the healthcare unit administrator at Robinson, she had it repaired by an inmate who Cook claims was not qualified to make the repair. The following day the inmate's jerry-rigged repair failed, causing Cook's fall. Medical officials at the prison diagnosed Cook with a concussion and treated him for his injuries but did not order an MRI or CT scan. Cook complained in a letter to Louis Shicker, the Illinois Department of Corrections medical director, who told Cook he was already being seen by medical staff who did not think an MRI or CT scan was warranted. Cook was later provided a new wheelchair and was transferred to Big Muddy River Correctional Center ("Big Muddy"), where he has been treated for the problems he associates with the fall from his wheelchair. He has sued Kerr and Shicker under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs in violation of the Eight Amendment.

In the Report, Magistrate Judge Williams found that since Cook had received an acceptable wheelchair, his request for an injunction directing he be provided with a functioning wheelchair was moot. As for Cook's request for a preliminary injunction directing he be provided with an MRI or a CT scan, Magistrate Judge Williams found that Cook did not have a likelihood of success on the merits. With respect to his shoulder and back injuries, Magistrate Judge Williams found that Cook was not credible as to when his current back and shoulder injuries occurred, that those injuries were not caused by the fall at issue in this case, and that he is receiving successful treatment or has not sought treatment at Big Muddy. With respect to his head injuries, Magistrate Judge Williams found Cook has not complained of trouble with his vision or head since his transfer to Big Muddy and that those problems were not likely caused by the fall at issue in this case. For those reasons, Magistrate Judge Williams recommends the Court deny Cook's motion

for a preliminary injunction.

In his objection, Cook states that he was injured from his fall, that his condition is worsening day by day and is yet to be diagnosed or treated. He also notes his claim about the faulty wheelchair is still pending.

In light of Cook's objections, as vague as they are, the Court has conducted a *de novo* review of the Report's recommendation to deny a preliminary injunction directing the defendants to provide Cook with an MRI or CT scan. The Court has reviewed the documentary evidence as well as the transcript of Magistrate Judge Williams' evidentiary hearing and agrees that the evidence does not show Cook is not being treated, or at least offered treatment for, conditions caused by his fall. Furthermore, the Court believes Cook is unlikely to be able to show his desire for an MRI or CT scan is anything more than a difference of opinion with his health care providers as to the proper course of medical treatment, which, unless it is so far afield of accepted medical judgment, does not amount to deliberate indifference to a serious medical need. *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996).

The Court does not understand whether Cook is challenging the Report to the extent it addresses the wheelchair issue, so in an abundance of caution, the Court has conducted a *de novo* review of that aspect of the Report as well. Cook admits he now has a functioning wheelchair, so he is unable to show he is likely to suffer irreparable harm if he is not provided a new wheelchair. Cook's claim for damages based on the failure to provide an adequate repair of his prior wheelchair is still pending, but his request for preliminary injunctive relief in that regard will be denied because it is moot.

Finally, no party has addressed the status of defendant Randy Grounds, the warden of Robinson, who was allowed to remain in this case in his official capacity for the sole purpose of performing injunctive relief if ordered by the Court (Doc. 16). Since Cook is no longer housed at Robinson, Grounds can no longer provide injunctive relief. The Court will therefore dismiss Grounds from this case in his official capacity unless the plaintiff can show a good reason to keep him in.

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 45);

- **OVERRULES** Cook's objection (Doc. 47);

- **DENIES** Cook's motion for a preliminary injunction (Docs. 14 & 17); and

- **ORDERS** Cook to **SHOW CAUSE** on or before April 1, 2016, why the Court should not dismiss defendant Grounds from this case in his official capacity in light of the fact that he can no longer provide injunctive relief, the only reason he was kept in this case.

**IT IS SO ORDERED.**
**DATED: March 5, 2016**

                                    s/ J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **DISTRICT JUDGE**